G. M. FISHER v. ANTON WEINHOLZER and Another.[1]

June 10, 1904.

Nos. 13,976—(161).

Action in the district court for Ramsey county to recover $3,145 for personal injuries resulting from an attack by a vicious dog owned by defendants. The case was tried before Bunn, J., and a jury, which rendered a verdict in favor of plaintiff for $1,000. From an order denying a motion for a new trial, defendants appealed. Affirmed.

*H. E. Hall* and *C. N. Dohs,* for appellants.

*C. D. & Thos. D. O'Brien,* for respondent.

PER CURIAM.

Upon a former trial of this case a verdict was returned for plaintiff, and upon appeal to this court a new trial was granted. 91 Minn. 22, 97 N. W. 426. At the second trial, in opening the case to the jury, counsel for plaintiff made the following statement:

> This case has been tried once before, went to the supreme court, and is back here again for a new trial on account of my misconduct.

Objection being made by counsel for defendants, the court suggested that counsel ought not to bring that matter in, and that the case should proceed as if it had never before been in court. Thereafter plaintiff's attorney made the statement:

> This man don't know at what moment he will be attacked with hydrophobia in consequence of this dog bite.

Defendants' counsel again objected upon the ground that such remark would prejudice the jury, and that no such issue was in the case. The court said such damage would be too remote and speculative to be considered, but no reference to this question was made in the charge to the jury.

In opening a case to the jury, attorneys are allowed considerable latitude in expressing their expectations as to what the trial may develop

[1] Reported in 99 N. W. 1132.

and the possible consequences to their clients. The remarks of counsel, above referred to, were not justified by the pleadings, and while, in a certain sense, what he said was historical and descriptive of the character of the injury, the trial court properly suggested its irrelevancy. It does not appear that the jury were in any manner prejudiced thereby. The particulars of the injury are set forth in the former decision. Under all the circumstances, it was for the jury to determine the amount of damages, and in our judgment the sum returned was not excessive. There was evidence in the case sufficient to support the verdict upon the question of plaintiff's negligence and the vicious character of the dog.

Order affirmed.